**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| Brett Allen Bursey, ) | C/A NO. 3:10-1545-CMC |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION AND ORDER** |
| v. ) | |
| ) | |
| South Carolina State Election ) | |
| Commission, and Marci Andino, ) | |
| Executive Director of the South Carolina ) | |
| State Election Commission, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**I.      Introduction**

This matter is before the court on Defendants' motions to dismiss and to quash discovery. Dkt. No. 23. For the reasons set forth below, the motion to dismiss is granted rendering the motion to quash discovery moot.

**II.     Motion to Dismiss**

   A.     STANDARD

A motion under Federal Rule of Civil Procedure 12(b)(6) should be granted only if, after accepting all well-pleaded allegations in the complaint as true, it appears certain that a plaintiff cannot prove any set of facts in support of its claims that entitles it to relief. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). *See Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009). Although the court must take the facts in the light most favorable to the plaintiff, it "need not accept the legal conclusions [the plaintiff would draw] from the facts." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000)). The court may also disregard any "unwarranted inferences,

unreasonable conclusions, or arguments." *Id.*

The Rule 12(b)(6) standard has often been expressed as precluding dismissal unless it is certain that the plaintiff is not entitled to relief under any legal theory that plausibly could be suggested by the facts alleged. *See Mylan Labs., Inc. v. Markari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Nonetheless, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) (quoted in *Giarratano*, F.3d at 302). *See also Wolman v. Tose*, 467 F.2d 29, 33 n.5 (4th Cir. 1972) ("Under the liberal rules of federal pleading, a complaint should survive a motion to dismiss if it sets out facts sufficient for the court to infer that all the required elements of the cause of action are present.").

Thus, in applying Rule 12(b)(6) the court also applies the relevant pleading standard. Despite the liberal pleading standard of Rule 8, more than mere conclusory statements are required to support a claim. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The complaint must, therefore, contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Iqbal*, 129 S. Ct. At 1949; *Twombly*, 550 U.S. at 570. The reviewing court need only accept as true the complaint's *factual* allegations, not its legal conclusions. *Iqbal*, 129 S. Ct. at 1949; *Twombly*, 550 U.S. at 555.

As the Court explained in *Iqbal*:

[T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 556, 557, 570) (citations omitted); *see also Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003) (holding that "[w]hile a plaintiff is not charged with pleading facts sufficient to prove her case, as an evidentiary matter, in her complaint, a plaintiff is required to allege facts that support a claim for relief.").

B.  DISCUSSION

Plaintiff initiated this action seeking to enjoin the erasure of state voting machine records from the June 8, 2010 statewide South Carolina primary election. Dkt. No. 1 at 3. His complaint seeks no other relief. Subsequent communications between the parties, however, suggest that Plaintiff may also be seeking to obtain the voting machine records at issue in order to conduct an audit or to compel Defendants to have a third party audit conducted. Dkt. No. 19. Finally, his response to Defendants' motion to dismiss recasts his claim as seeking a determination by the court as to whether Defendants' records preservation process meets the requirements of 42 U.S.C. § 1974. Dkt. No. 24 at 2. For purposes of this order, the court presumes that Plaintiff seeks all forms of relief identified above.

> Section 1974 provides, in pertinent part, as follows:
>
> Every officer of election shall retain and preserve, for a period of twenty-two months from the date of any general, special, or primary election of which candidates for the office of President, Vice President, presidential elector, Member of the Senate, Member of the House of Representatives, or Resident Commissioner from the Commonwealth of Puerto Rico are voted for, all records and papers which come into his possession relating to any application, registration, payment of poll tax, or other act requisite to voting in such election . . ..

42 U.S.C. § 1974.

Defendants have moved to dismiss on the ground that § 1974 does not create a private cause

3

of action. Dkt. No. 23-1. Whether a statute creates a private cause of action is a question of statutory construction. *Cannon v. Univ. of Chicago*, 441 U.S. 677, 688 (1979). As indicated above, the statute at issue in this case, § 1974, imposes a requirement on state officers to preserve all voting records after a federal election for a period of twenty-two months. Failure to preserve these records may result in criminal penalties of a $1,000 fine or imprisonment for not more than one year. 42 U.S.C. § 1974(a). The statute explicitly gives the Attorney General the right to inspect these records in an effort to determine compliance. 42 U.S.C. § 1974(b). No other remedies or right to review and inspect are mentioned in the statute.

Plaintiff relies on the four factors announced in *Cort v. Ash* to argue that, despite the plain language of the statute, a private right of action should be implied.[1] 422 U.S. 66, 78 (1975). Later Supreme Court decisions have, however, departed from the standards in *Cort v. Ash*, emphasizing that the most significant consideration is whether Congress intended a statute to create a private right or remedy. *See Alexander v. Sandoval*, 532 U.S. 275, 286-87 (2001); *Touche Ross & Co. v. Redington*, 442 U.S. 560, 575-76 (1979); *Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11, 18 (1979). As the Court stated in *Karahalios v. Nat'l Fed'n of Fed. Employees*:

> Unless such "congressional intent can be inferred from the language of the statute, the statutory structure, or some other source, the essential predicate for implication of a private remedy simply does not exist." *Thompson v. Thompson*, 484 U.S. 174, 179 (1988). It is also an "elemental canon" of statutory construction that where a

---

[1] The four *Cort v. Ash* factors are as follows: (1) whether the plaintiff is "'one of the class for whose especial benefit the statute was enacted', - that is, does the statute create a federal right in favor of the plaintiff"; (2) whether "there [is] any indication of legislative intent, explicit or implicit, to create such a remedy or to deny one"; (3) whether a private cause of action is "consistent with the purposes of the legislative scheme"; and (4) whether "the cause of action [is] one traditionally relegated to state law, in an area basically the concern of the States, so that it would be inappropriate to infer a cause of action based solely on federal law." *Cort*, 422 U.S. at 78 (citations omitted).

4

statute expressly provides a remedy, courts must be especially reluctant to provide additional remedies. *Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11, 19 (1979). In such cases, "[i]n the absence of strong indicia of contrary congressional intent, we are compelled to conclude that Congress provided precisely the remedies it considered appropriate." *Middlesex Cty. Sewerage Auth. v. Sea Clammers*, 453 U.S. 1, 15 (1981).

489 U.S. 527, 532-33 (1989).

In this case, § 1974 creates an express remedy and vests the right to enforcement in the Attorney General. The Attorney General may inspect election records and initiate criminal action upon discovery that an election official is not in compliance with the statute's requirements. The creation of this express remedy and vesting of authority to pursue it in a specified official is strong evidence that no private remedy is intended.

Plaintiff has not directed the court to any "strong indicia" of a contrary congressional intent: that Congress intended to authorize a private cause of action in addition to the remedies expressly vested in the Attorney General. For example, Plaintiff has not pointed the court to any legislative history or other evidence of Congressional concern that the statute is left "toothless" without allowing an individual the right to litigate. Dkt. No. 24 at 5.[2]

Defendants also argue that implying a private cause of action under § 1974 would be inconsistent with the privacy protections of the statute. The court agrees. To allow private enforcement and subsequent private discovery or audits would run afoul of § 1974 (c) which states that "neither the Attorney General nor any employee of the Department of Justice, nor any other

---

[2] Plaintiff's concern that the statute is "toothless" without a private cause of action when the Attorney General does not enforce the statute is not enough. While this court takes no position on whether South Carolina is in compliance with the statute, "the fact that a federal statute [may have been] violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." *Cannon*, 441 U.S. at 688.

5

representative of the Attorney General shall disclose any record or paper produced pursuant to this subchapter, or any reproduction or copy, except to Congress and any committee thereof, governmental agencies, and in the presentation of any case or proceeding before any court or grand jury."

Similarly, although not necessarily dispositive, the presence of criminal sanctions in § 1974 may suggest that Congress did not intend to create a private cause of action. *See Rockefeller v. U.S. Court of Appeals Office*, 248 F. Supp. 2d 17, 23 (D.D.C. 2003) (holding that a plaintiff is "precluded from asserting claims pursuant to [federal statutes] because, as criminal statutes, they do not convey a private right of action"); *but see Cort*, 422 U.S. at 80 ("We need not, however, go so far as to say that . . . a bare criminal statute can never be deemed sufficiently protective of some special group so as to give rise to a private cause of action.").

For the reasons stated above, Defendants' motion to dismiss is granted.

## III. Motion to Quash Discovery

The motion to quash discovery is rendered moot by the court's decision to dismiss Plaintiff's underlying claim.

**IV. Conclusion**

For the reasons stated above, Defendants' motion to dismiss is granted. Defendants' motion to quash discovery is, therefore, moot.

IT IS SO ORDERED.

                                                s/Cameron McGowan Currie
                                                CAMERON MCGOWAN CURRIE
                                                UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
October 4, 2010